**THE STROJNIK FIRM LLC**
ATTORNEYS AT LAW
SUITE 700
2415 East Camelback Road
Phoenix, Arizona 85016
(602) 510-9409

PETER K. STROJNIK, ESQ.
AZBN 026082 CABN 242728
strojnik@skplaw.com

Attorney for Plaintiff Jerry Shumway

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA (PRESCOTT DIVISION)

| | |
|---|---|
| Jerry Shumway, a single man, | NO. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Woody's Enterprises, LTD, an Arizona corporation, | **(JURY TRIAL DEMANDED)** |
| Defendant. | |

Plaintiff, by and through counsel, for her Complaint against Defendants, alleges:

## INTRODUCTION

1. This action is brought under Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA") as amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 (2008) ("ADAAA") to correct unlawful employment practices on the basis of disability and to make Plaintiff whole. Plaintiff is a protected person under the above-referenced and ancillary statutes. Defendant discriminated against Plaintiff on the basis of his

disability and thereafter terminated his employment in part because of his requests for reasonable accommodation.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and initiated pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporated by reference 42 U.S.C. § 2000e-5(f), and pursuant to 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of this District, and Venue is proper in the Prescott division of the United States District of Arizona pursuant to LRCiv. 77.1(a).

4. Plaintiff has exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and receiving a Notice of Right to Sue on August 17, 2011.

## PARTIES

5. Plaintiff is a single man currently residing in Munds Park, Coconino County, Arizona.

6. Defendant Woody's Enterprises, Ltd. is an Arizona corporation authorized and doing business in Coconino County, Arizona, as well as in several other counties in the State of Arizona. Defendant is an employer of more than 15 employees.

## FACTUAL BACKGROUND

7. Defendant owns and operates several chain retail gasoline and convenience stores named "Woody's" across the State of Arizona, which includes the Munds Park store subject of this Complaint.

8. On June 8, 2008, Plaintiff began his employment at the Munds Park Woody's as a cashier, whose primary duties included assisting customers in purchasing and locating items within the store.

9. During all relevant times subject of this Complaint, Plaintiff suffered and does suffer from the disease Diabetes.

10. From the first day of Plaintiff's employment until March 2010, Plaintiff's employment performance was stellar.

11. In or around late March 2010, Plaintiff was assigned the graveyard shift, and two recently-hired, non-disabled employees worked the day shifts.

12. Plaintiff advised his direct and first line supervisors that the graveyard shift would have a detrimental effect on his health due to his diabetes, and he requested to maintain his normal shift during the day.

13. Plaintiff's health care provider also advised Defendants that the graveyard shift would have a detrimental effect on Plaintiff's health due to his diabetes. The health care provider requested Plaintiff be re-assigned to his previous shift.

14. Defendants refused to act upon Plaintiff's and the health care provider's requests even though two recently hired, non-disabled employees were given day shifts. As a result, Plaintiff became ill on the graveyard shift. During this particular shift, Plaintiff asked his supervisor if he could sit down during the remaining portion of his shift because he was feeling ill due to abnormal blood sugar readings. Defendants refused.

15. Plaintiff complained to numerous Defendant supervisors about their refusal to place him on his normal shift. As a direct consequence, Defendant was disciplined on three separate occasions.

16. On or about April 17, 2010, Plaintiff called his supervisor to advise he was feeling ill due to irregular blood sugar readings as a result of his diabetes. Defendants advised that he had to work while sick or find a replacement employee to "cover" for him even though it was the supervisor's duty to find replacement employees when another employee was ill.

17. Plaintiff could not locate someone to cover his graveyard shift, but his supervisor covered the shift. As a result of Plaintiff's inability to work this particular graveyard shift and Plaintiff's repeated requests to be re-assigned, his employment was terminated on or around April 18, 2010.

18. As a result of the termination, failure to accommodate and disparate treatment on the basis of Plaintiff's disease, Plaintiff suffered emotional harm, physical harm, lost wages, lost benefits, and other damages as a direct and proximate result.

**COUNT ONE**

**(Violation of Title I – Hostile Work Environment)**

19. By reference hereto, Plaintiff incorporates paragraphs 1-19.

20. Plaintiff suffered from diabetes during all relevant times subject of this Complaint. Diabetes is a disability under the ADA, which limited one or more of Plaintiff's major life activities including, but not limited to, eating, sleeping, engaging in sexual relations, and working.

21. Plaintiff was and is a qualified individual who could perform the tasks of his employment with Defendant with or without reasonable accommodation, which is evidenced by Plaintiff's stellar performance prior to the relevant events alleged herein and Plaintiff's current employment as a cashier at another gasoline station.

22. Defendant failed to reasonably accommodate Plaintiff's disability by, inter alia, refusing to re-assign him to his normal day shift or at the minimum permitting him to sit down during one particular graveyard shift.

23. Defendant terminated Plaintiff's employment because, in part, Plaintiff was sick and could not work a particular graveyard shift.

24. Defendant acted intentionally or with a reckless disregard of Plaintiff's federally protected rights, his disease, and failure to reasonably accommodate, and therefore Plaintiff is entitled to an award of punitive damages in an amount to be proven at trial.

**COUNT TWO**

**(Violation of Title I – Retaliation)**

25. By reference hereto, Plaintiff incorporates paragraphs 1-23.

26. Plaintiff engaged in conduct protected under the ADA in that he requested to be re-assigned to his normal shift and reasonably complained when his request was denied.

27. As a result of Plaintiff's complaints and requests to be accommodated, he was disciplined (written up) on three separate occasions eight days apart and ultimately terminated.

28. Defendant acted intentionally or with a reckless disregard of Plaintiff's federally protected rights and disease, and therefore Plaintiff is entitled to an award of punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff demands Judgment against Defendants as follows:

1. Declaring the acts and practices complained of herein are in violation of Title I;

2. Special damages to be proven at trial;

3. General damages and compensatory damages to be proven at trial, including lost wages, front pay and the value of lost benefits, to be proven at trial;

4. Punitive and Exemplary damages to be proven at time of trial;

5. Prejudgment and post-judgment interest;

6. Attorneys' fees and costs of suit;

7. For such other relief this Court deems just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

RESPECTFULLY SUBMITTED this 24th day of August, 2011.

**THE STROJNIK FIRM L.L.C.**

*/s/ Peter Kristofer Strojnik*
Peter Kristofer Strojnik
Camelback Esplanade
2415 East Camelback Road
Suite 700
Phoenix, Arizona 85016
Attorney for Plaintiff Jerry Shumway