**THE STROJNIK FIRM LLC**
ATTORNEYS AT LAW
SUITE 700
2415 East Camelback Road
Phoenix, Arizona 85016
(602) 510-9409

PETER K. STROJNIK, ESQ.
AZBN 026082 CABN 242728
strojnik@skplaw.com

*Attorney for Plaintiff Jerry Shumway*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JERRY SHUMWAY, a single man, | NO. 3:11-cv-8132-PCT-FJM |
| Plaintiff, | |
| vs. | **MOTION TO VACATE SETTLEMENT CONFERENCE** |
| WOODY'S ENTERPRISES, LTD, an Arizona corporation, | |
| Defendant. | |

**MOTION TO VACATE**

Plaintiff Jerry Shumway, by and through undersigned counsel, hereby moves to vacate the Settlement Conference currently set for April 13, 2012 before the Honorable Mark Aspey in Flagstaff. Plaintiff makes this Motion pursuant to Rule 1, Federal Rules of Civil Procedure, which requires the inexpensive determination of every proceeding.

There are three reasons why the Settlement Conference should be vacated so that the Parties do not incur a day's worth of fees and the Court does not expend resources when there

-1-

is no real possibility of informal resolution.  ***First***, the Parties are <u>not</u> operating on the same understanding of Ninth Circuit case law regarding damages.  Generally, differences in liability, factual disputes over damages, or differences in opinion as to fact-to-law application are the issues surrounding mediations or settlement conferences.  These can normally be resolved with the weight of a federal magistrate leaning on either side.  However, the Parties cannot agree to case law surrounding an element of back pay, namely, whether unemployment benefits operate as an offset to a back pay award.  <u>See</u> <u>e.g.</u> <u>Kaufmann v. Sidereal</u>, 695 F.2d 343, 347 (9th Cir. 1983) (holding unemployment benefits are not offset against back pay award).  Consequently, a settlement conference would most likely be unproductive.  ***Second***, the difference in opinion on the issue above has resulted in a vast separation of "numbers" for settlement purposes.  Defendant's sole offer, and Plaintiff's sole offer, are so far apart that there is no possibility of informal resolution between the Parties.  ***Third***, assuming there was no fundamental difference of opinion on Ninth Circuit case law regarding back pay, the timing of the settlement conference as set by this honorable Court would not serve the purpose for which it was intended.  The Court and Parties agreed to set settlement conference at a time when the Parties had the opportunity to conduct some discovery on the matter, such that settlement conference could be reasonably informed, while at the same time not too late in the proceeding so that fees and costs are not too high.  However, Plaintiff does not foresee the ability to take its first deposition.  Approximately a week and a half ago, Plaintiff requested the availability of Defendant's principal witness Donna Swann (supervisor for Plaintiff) in March, but Defendant still has not responded with a date.  It is Plaintiff's belief that Defendant is unable to reach or cooperate with Ms. Swann, a former Defendant employee.  Plaintiff must take the deposition

(at the minimum) of Ms. Swann to be reasonably informed at settlement conference because it is alleged she was the principal instigator in the matter.

Plaintiff by no means wishes to interfere with this honorable Court's direction of the case, but Plaintiff believes the above, previously undisclosed facts would weigh against an inexpensive determination of this proceeding because each side would incur a day's worth of fees (4 hours conference, 4 hours drive time, 4 hours preparation) with no reasonable possibility of resolving this matter. This is especially important considering Plaintiff's current meager salary and the lack of defense or indemnification for Defendant.

WHEREFORE, Plaintiff respectfully requests the Settlement Conference be vacated. A proposed form of Order is attached.

RESPECTFULLY SUBMITTED this 22nd day of February, 2012.

*/s/ Peter Kristofer Strojnik*
Peter Kristofer Strojnik (026082)
strojnik@skplaw.com
THE STROJNIK FIRM L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
602 510 9409
602 532 7572 (fax)

***Attorney for Plaintiff Jerry Shumway***

-3-